## Weil v. Irwin Ehrlich & Co.

*Henry Arronson*, for rule; *O. J. Roberts*, contra.

GORDON, JR., J., March 10, 1928.—This is a rule to show cause why two suits between the same parties should not be consolidated. The facts of the case appear to be as follows: On Jan. 25, 1927, the plaintiff and defendant, who were copartners, entered into an agreement dissolving their copartnership. Part of the terms of the agreement provided for the delivery by the defendant to the plaintiff of four promissory notes, the first two for $5000 and the last two for $10,000, due, respectively, on April 1, July 1, Oct. 1, 1927, and Jan. 2, 1928. The agreement also provided that "the last note for $10,000, due Jan. 2, 1928, may be subject to deduction of my share in any losses which shall occur in the outstanding accounts, consisting of book accounts and notes which said firm (I. Ehrlich & Co.) held up until Dec. 31, 1926. One-half of such losses to be deducted from my last note which Abraham Weil holds against the firm."

When the first two notes came due, the defendant deducted certain losses which had then been determined. When the third note came due, he attempted to make a similar deduction, and the plaintiff objected to this being done, and brought suit on the note. That suit was brought in this court. There are two issues in that suit: one, whether the parties had agreed, subsequent to the execution of the contract, that, as the notes became due, losses already ascertained might be deducted. This the defendant avers and the plaintiff denies. Two, the extent and amount of the losses.

When the fourth and last note became due, suit was brought thereon in the Court of Common Pleas No. 3, and, on rule to show cause, that court transferred the suit to this court.

There can be no doubt, by the admissions of the parties, that proper deductions for losses which actually occurred may be made either upon the third or the fourth note, but, inasmuch as both notes are now due, we are of opinion that it would promote justice and prevent the expense and delay incident to a multiplicity of suits to consolidate the two actions. As the various rules in the suit brought in No. 3 court on the last note, which suit was transferred to this court, stayed proceedings, no affidavit of defense has been filed in that suit, and it is not, therefore, at issue.

We are accordingly of opinion that this rule to consolidate the actions is premature and should be taken after the two suits are at issue. The said rule is, therefore, discharged, without prejudice to the defendant, if he so desires, hereafter to renew his application for consolidation when both suits are at issue.